UNITED STATES DISTRICT COURT                          ECF Case
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHANA SCHWARTZ,                          Civil Action No.: 06-CV-4906
                                                      (DAB)(RLE)

                    Plaintiff,

                                              **DECLARATION OF WILLIAM**
                                              **D. FRUMKIN, ESQ. IN SUPPORT**
                                              **OF PLAINTIFF'S MOTION TO**
                  -against-                         **COMPEL DISCOVERY**
                                              **PURSUANT TO FRCP § 37**

MORGAN STANLEY DW INC.

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       **WILLIAM D. FRUMKIN,** an attorney at law duly admitted to practice law before the courts of the State of New York, affirms under the penalty of perjury, as follows:

       1.       I am a member of the law firm of Sapir & Frumkin LLP, which represents Plaintiff, Chana Schwartz ("Ms. Schwartz"), in this action. This affidavit is based upon personal knowledge and upon review of files maintained by this office, and is submitted in support of Plaintiff's Motion to Compel Discovery Pursuant to Rule 37 of the Federal Rules of Civil Procedure.

       2.       On or about June 26, 2006, Plaintiff, Ms. Schwartz commenced this action by filing a Complaint against Defendant, Morgan Stanley DW Inc., (hereinafter "Morgan Stanley") alleging that Morgan Stanley unlawfully discriminated against Ms. Schwartz on the basis of her gender and unlawfully retaliated against her, for alerting Morgan Stanley management to the issue.

       3.       On or about September 28, 2006 Plaintiff, Ms. Schwartz filed an Amended Complaint with the Court. Annexed hereto as Exhibit "A" is a copy of Plaintiff's Amended Complaint.

       4.       On or about October 30, 2006, Defendant served Plaintiff with its Answer to the Amended Complaint.

5. On March 9, 2007, Plaintiff served Defendant with Plaintiff's First Set of Interrogatories and Demand for Documents. Annexed hereto as Exhibit "B" is a copy of Plaintiff's First Set of Interrogatories and Demand for Documents.

6. On July 5, 2007, Defendant responded to Plaintiff's First Set of Interrogatories and Demand for Documents. Annexed hereto as Exhibit "C" is a copy of Defendant's response.

7. On February 27, 2007, Defendant served Plaintiff with Defendant's First Set of Interrogatories and Document Requests.

8. On April 11, 2007 Plaintiff responded to Defendant's First Set of Interrogatories and Document Requests.

9. Plaintiff was deposed by Defendant on September 5, 2007.

10. On November 8, 2007 Plaintiff's counsel, Daniel J. Kaiser and firm of Kaiser Saurborn & Mair, P.C. withdrew as counsel of record for Plaintiff.

11. A non-party witness (Sandy Ann Ng) for the Plaintiff was deposed by Defendant on June 26, 2008. Annexed hereto as Exhibit "D" is a copy of relevant testimony.

12. Plaintiff's deposition was continued on July 16, 2008.

13. Plaintiff then served her Second Request for the Production of Documents and Second Set of Interrogatories on July 23, 2008. Annexed hereto as Exhibit "E" is a copy of Plaintiff's Second Request for the Production of Documents.

14. To date, Defendant has failed to respond to Plaintiff's Second Request for the Production of Documents and Second Set of Interrogatories.

15. On August 19, 2008 Plaintiff's counsel, David M. Fish withdrew as counsel of record for Plaintiff.

16. On September 29, 2008, Plaintiff retained Sapir & Frumkin LLP to represent her.

17. On April 2, 2009 Plaintiff provided Defendant with a discovery request. Annexed hereto as Exhibit "F" is a copy of the April 2, 2009 letter.

18. Defendant responded on April 14, 2009. Annexed hereto as Exhibit "G" is a copy of the April 14, 2009 letter.

19. Since our firm's involvement in this case, we have repeatedly advised the court of discovery disputes between counsel.

20. Defendant has failed to cooperate with Plaintiff's discovery requests on numerous occasions. Plaintiff sent letters to Defendant on December 23, 2008, January 7, 2009, January 12, 2009, March 3, 2009, March 9, 2009, and April 2, 2009, reflecting various problems with Defendant's productions. Annexed hereto as Exhibit "F" please find copies of the aforementioned letters.

21. Plaintiff also alerted the Court of the discovery disputes on January 28, 2009 and April 17, 2009. Annexed hereto as Exhibit "H" is a copy of the January 28, 2009 letter. Annexed hereto as Exhibit "I" is a copy of the April 17, 2009 letter.

22. Both the letters to Defendant and to the Court reflect Defendant's history of producing discovery in a piecemeal manner. For example, with the specific issue of which employees at the GCB Branch were employed as FA's and FA trainees during the relevant period, each time Plaintiff has pressed Defendant, she has received <u>additional</u> relevant and material information.

23. After Plaintiff's January 7, 2009 letter, Defendant provided her with the name of one additional FA. Again after Plaintiff's March 3, 2009 letter, Defendant provided Plaintiff with the

names of fifty-one additional FA's.

24. The above example is reflective of Defendant's overall piecemeal approach to producing relevant discovery on this case.

25. On another occasion, Defendant supplemented its February 12, 2009 data three times, on March 6, 2009, March 17, 2009 and March 30, 2009, due to deficiencies in the initial production.

26. Because of these various problems, the parties on April 23, 2009 agreed to engage in motion practice to resolve the discovery disputes.

27. On April 23, 2009 the Court issued an Order holding that Plaintiff would file a Motion to Compel on or before May 8, 2009, Defendant would respond on or before May 15, 2009 and Plaintiff's reply would be filed on or before May 22, 2009. The Court also ordered that all fact discovery would be completed by June 23, 2009 and that expert discovery would conclude on or before July 23, 2009. Annexed hereto as Exhibit "I" is a copy of April 23, 2009 Order.

28. I have made good faith efforts to confer with counsel for the opposing party, but this discovery issue cannot be resolved without the Court's intervention. Accordingly, Plaintiff, Ms. Schwartz, respectfully requests that the Court issue an order compelling Defendant, Morgan Stanley to produce the documents and information originally requested by Plaintiff in her First Set of Interrogatories and Demand for Documents, Second Request for the Production of Documents, and in the April 2, 2009 letter to opposing counsel.

Dated: White Plains, New York
     May 8, 2009

                                          /s/ William D. Frumkin
                                        William D. Frumkin (WF 2173)

F:\APPLICAT\WP\Schwartz, Chana\Motion to Compel\Declaration.WDF.MTC.wpd\rlh

## CERTIFICATE OF SERVICE

STATE OF NEW YORK            )
COUNTY OF WESTCHESTER   )ss.:

RACHEL L. HORTON, being duly sworn, deposes and states as follows:

I hereby certify that I am not a party to this action and am over 18 years of age. I further certify that on May 8, 2009, a copy of the DECLARATION OF WILLIAM D. FRUMKIN, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY PURSUANT TO F.R.C.P. § 37 (with exhibits) was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt including:

> Kenneth J. Turnbull, Esq.
> Morgan, Lewis & Bockius LLP
> 101 Park Avenue, 37th Floor
> New York, New York 10178-0060
> Attorney for Defendant

Parties may access this filing through the Court's electronic filing system

 /s/ Rachel L. Horton
Rachel L. Horton